

# ANSELL GRIMM & AARON PC
## COUNSELORS AT LAW

365 RIFLE CAMP ROAD
WOODLAND PARK, NEW JERSEY 07424
973-247-9000
973-247-9199 (FAX)

1500 LAWRENCE AVENUE
CN7807
OCEAN, NEW JERSEY 07712
732-922-1000
732-922-6161 (FAX)

214 CARNEGIE CENTER
SUITE 112
PRINCETON, NEW JERSEY 08540
609-751-5551

140 GRAND STREET
SUITE 705
WHITE PLAINS, NEW YORK 10601
800-569-3886

41 UNIVERSITY DRIVE
SUITE 400
NEWTOWN, PENNSYLVANIA 18940
267-757-8792

www.ansellgrimm.com

RICHARD B. ANSELL ‡
PETER S. FALVO, JR.
JAMES G. AARON
PETER B. GRIMM
MITCHELL J. ANSELL
BRIAN E. ANSELL‡
ALLISON ANSELL¤†
MICHAEL V. BENEDETTO
DAVID B. ZOLOTOROFE
DONNA L. MAUL•
RICK BRODSKY
LAWRENCE H. SHAPIRO•¤
ROBERT A. HONECKER, JR. ¤§
JENNIFER S. KRIMKO
FREDERICK C. RAFFETTO~
JOSHUA S. BAUCHNER•
DAVID J. BYRNE¤
ANDREA B. WHITE •∗
EDWARD J. AHEARN

JASON S. KLEIN•
MELANIE J. SCROBLE
BARRY M. CAPP•∆
DOUGLAS A. DAVIE•
ELYSA D. BERGENFELD
RICHARD B. LINDERMAN¤
CRAIG D. GOTTILLA•¤
KEVIN M.CLARK
KRISTINE M. BERGMAN¤
JESSICA T. ZOLOTOROFE
TARA K. WALSH•
RAHOOL PATEL•
NICOLE D. MILLER¤
ALFRED M. CASO
ANTHONY J. D'ARTIGLIO•
SETH M. ROSENSTEIN•
ASHLEY V. WHITNEY•
COURTNEY E. DUNN•

COUNSEL
HON. ANTHONY J. MELLACI, JR., J.S.C. (RET)
STACEY R. PATTERSON•
JAMES A. SYLVESTER
ROY W. HIBBERD ∇∆
HON. RAYMOND A. HAYSER, J.T.C. (RET)
KELLY M. CAREY

RETIRED
ROBERT I. ANSELL
LISA GOLDWASSER•

IN MEMORIAM
LEON ANSCHELEWITZ (1929-1986)
MAX M. BARR (1929-1993)
MILTON M. ABRAMOFF (1935-2004)
DAVID K. ANSELL† (1962-2019)

LICENSED ALSO IN:
∆ D.C. ¤ MASS. • N.Y. * WASH.
☐ PENN. ~ FLA. ∇ CALIF.

† FELLOW, AMERICAN ACADEMY OF MATRIMONIAL LAWYERS

‡ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

§ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CRIMINAL TRIAL ATTORNEY

• CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A MATRIMONIAL LAW ATTORNEY

**Reply to: Woodland Park**
**Direct Dial: (973) 925-7341**
**Direct Fax: (973) 807-1835**
**E-mail: jb@ansellgrimm.com**

January 12, 2022

<u>Via ECF and E-mail</u>                    **\*\*Memorandum Endorsed Letter on Page 4 \*\***

Hon. James L. Garrity, Jr.
United States Bankruptcy Court
 Southern District of New York
One Bowling Green
New York, New York 10004

    Re:    *In re: Mallett, Inc.*
            <u>Case No.: 21-11619 (JLG)</u>

Dear Judge Garrity:

    We represent Creditor, 929 Madison Avenue, LLC ("Creditor), in connection with the above-referenced matter.  We respectfully submit this correspondence requesting a 90-day adjournment of the February 15, 2022 Plan confirmation hearing date, and consequently the February 8, 2022 Plan objection deadline, as a result of Debtor's dilatory behavior in providing basic, limited discovery discussed with the Court at the September 30, 2021 hearing, now necessitating motion practice and delay.  Remarkably, Debtor Mallett, Inc. ("Debtor") declined to consent to this request.

    The request is necessary to permit sufficient time for Debtor to produce information necessary both to evaluate the quantum of Creditor's planned administrative expense claim filing, and to permit Creditor to evaluate whether Debtor's insider debt -- which is the vast majority of

Hon. James L. Garrity, Jr.
January 12, 2022
Page 2

debt owed by Debtor[1] -- should be subject to an action for equitable subordination or a similar claim. For the reasons set forth below, Creditor was exceptionally diligent in seeking the necessary discovery in good faith, but Debtor failed to timely confirm it would voluntarily provide the requested information. Furthermore, once Debtor finally did respond, it failed to confirm it would provide ***all of the necessary*** discovery while simultaneously refusing to provide the limited discovery in advance of the objection deadline. Indeed, as the discovery will directly impact Creditor's possible objection to the Plan -- and the Court's own ability to determine whether the Plan is confirmable -- if the adjournment is not granted, Creditor (and the Court) will be significantly prejudiced by its efforts to amicably resolve these issues in good faith, as the Court directed, so as to avoid motion practice. Additionally, as Creditor remains amenable to continued, informal mediation of its claim with the Subchapter V Trustee, the adjournment will permit additional time for the parties to amicably resolve any issues, which could obviate the need for a Plan objection in the first instance.

By way of background, on September 30, 2021, the Court held a hearing on Debtor's Motion to Reject its Lease with Creditor. During that hearing, in response to concerns raised by Creditor regarding, among other things, Debtor's failure to provide a copy of its settlement agreement with its subtenant, Stella McCartney (the "Settlement Agreement"), and the substantial insider debt asserted to be due and owing by Debtor, the Court directed the parties to meet with the Subchapter V Trustee to discuss Debtor providing information to Creditor and the potential resolution of Creditor's objections.

On October 15, 2021, Creditor, Debtor, and Subchapter V Trustee engaged in a conference to discuss a path forward toward resolving Creditor's claims and for Debtor to provide certain discovery. To that end, Debtor advised that it believed a Confidentiality Order was necessary for it to produce documents related to the Settlement Agreement. Therefore, on that same day, Creditor circulated a proposed, form Confidentiality Order to permit Debtor to disclose the Settlement Agreement and related documentation. As Debtor was fully aware, Creditor also sought discovery related to Debtor's insider claims.

On October 25, 2021, having received no response from Debtor, Creditor e-mailed again requesting Debtor approve the proposed Confidentiality Order. More than a six weeks later, on December 2, 2021, Debtor finally provided edits to the Confidentiality Order. On December 9, 2021, the parties finalized the language of the proposed, form Confidentiality Order. Unfortunately, despite finalizing the Confidentiality Order, Debtor still failed to produce any documents.

Thereafter, having still not received any documents despite the Court's direction and entry of the Confidentiality Order, Creditor initiated a telephone conversation with Debtor in or around

---

[1] Debtor's scheduled liability totaling $13,191,709.00, of which $11,879,790.00 consists of insider debt, representing 90%.

Hon. James L. Garrity, Jr.
January 12, 2022
Page 3

early December 2021, again requesting that, in lieu of Creditor filing a formal 2004 Motion, Debtor voluntarily provide limited paper discovery regarding the Settlement Agreement and insider claims and, thereafter, produce a representative of Debtor for deposition. Debtor promised to consider voluntarily providing discovery upon the receipt of particularized discovery demands. On December 17, 2021, Creditor sent an e-mail to Debtor memorializing the telephone conversation, issuing five (5) narrowly tailored document demands, and requesting that Debtor confirm whether it would voluntarily produce discovery and a representative for deposition.[2]

On December 22, 2021, having again received no response from Debtor, Creditor e-mailed again requesting Debtor agree to voluntarily respond to the limited discovery demands. On December 27, 2021, Debtor responded claiming that it was "trying to touch base with the Subchapter [V T]rustee first" before agreeing to respond to the discovery requests – notwithstanding the fact that it had already agreed to the request subject to entry of a Confidentiality Order *two months earlier*. On January 3, 2022, Creditor sent yet another e-mail requesting Debtor provide limited discovery; this time demanding a response by the close of business on January 6, 2022. Additionally, in light of Debtor's delay in providing the necessary discovery, Creditor requested an adjournment of the Plan confirmation and objection deadlines.

On January 7, 2022, Creditor advised that it would begin an "informal document production" to "get the ball rolling" without confirming that it would respond to all five (5) of the limited document demands, produce a representative for a deposition, or consent to an adjournment of the Plan deadlines. On that same date, Creditor requested clarification as to whether Debtor would produce a representative for deposition and consent to an extension of time for plan confirmation. Debtor responded by providing a few documents which do not satisfy Creditor's limited demands, suggesting continued informal mediation with the Subchapter V Trustee before any deposition, and claiming that Debtor will not provide the documents before the objection deadline -- prejudicially demanding that Creditor "make your objection without having full discovery."[3] As a result of Debtor's delay, obfuscation, and refusal to proceed in good faith, Creditor now has no choice but to make a Rule 2004 application to secure the discovery.

In light of the above, it is clear that Creditor was exceptionally diligent in abiding by the Court's direction to proceed in good faith to secure a Confidentiality Order to permit the production of limited discovery without the need for judicial intervention. Unfortunately, despite weeks of requests from Creditor, Debtor has failed to reciprocate in kind. Additionally, Debtor refuses to provide the discovery in advance of the Plan objection deadline, in a clear attempt to prejudice Creditor by refusing to permit it the opportunity to examine the basis for the substantial insider debt. Debtor apparently hopes to push through an unwarranted plan wherein its insiders receive the vast majority of the estate assets without disclosing the basis for their claims in the first

---

[2]   A true and correct copy of the December 17, 2021 email is attached hereto as **Exhibit A**.

[3]   A true and correct copy of the January 7, 2022 email is attached hereto as **Exhibit B**.

Hon. James L. Garrity, Jr.
January 12, 2022
Page 4

instance. This type of opaque proceeding is contrary to the purpose of the Bankruptcy Code which requires transparency from the Debtor.

Therefore, in order to ensure an orderly Plan confirmation process with full disclosure of the Debtor's alleged debts, Creditor respectfully requests that the Court adjourn the Plan confirmation and objection deadlines by 90-days to permit Rule 2004 motion practice, discovery, and settlement discussions to proceed.

We are available to discuss this, or any other matter, at the Court's convenience.

Respectfully submitted,

*s/Joshua S. Bauchner*
Joshua Bauchner, Esq.

JSB/cs

cc:   All counsel of record (Via ECF)
      Subchapter V Trustee (Via ECF)


**\*\*Memorandum Endorsed Order\*\***

The Court having considered the relief requested by the landlord herein and the response by the Debtor in its letter of January 13, 2022 [ECF No. 41], the Court Orders, as follows:

1. The confirmation hearing is adjourned to April 12, 2022 at 10:00am (ET).

2. The parties shall file a status letter with the Court no later than 4:00pm (ET) on April 5, 2022.

**Dated: January 25, 2022**
    **New York, NY**

/s/ *James L. Garrity, Jr.*
  **Honorable James L. Garrity, Jr.**
  **U.S. Bankruptcy Judge**

# EXHIBIT A

**Archived:** Wednesday, January 12, 2022 12:47:23 PM
**From:** Anthony D'Artiglio
**To:** Mark Frankel
**Cc:** Josh Bauchner Carol Sheridan
**Bcc:** SOLIL MANAGEMENT LLC _ 929 Madison Avenue LLC v Stella McCartney America_ et al _ _086874_000069_ _Email
**Subject:** In re: Mallett
**Importance:** Normal
**Sensitivity:** None

---

Mark:

Pursuant to our discussion, attached please find limited documents demands which we request that Debtor respond to in lieu of Landlord filing a 2004 Motion at this time. Please advise if your client will voluntarily respond to the document demands.

Additionally, following receipt of the document responses, we also intend to seek the deposition of a representative or representatives of Debtor who can testify as to the following:

- The facts and circumstances surrounding Debtor's settlement of its claims against Stella McCartney.
- The claims against the Debtor asserted by the following parties: Dover Street Ltd, Nilson Street Limited, Octago Chapel Limited, Stanley Gibbons Ltd., The Fine Art Auction Group Ltd, Graham Elliot Shircore, Anthony Michael Gee Octagon Chapel Limited, and Richard Kenneth Purkis.
- The past or present ownership interest in the Debtor by following parties: Dover Street Ltd, Nilson Street Limited Octagon Chapel Limited, Stanley Gibbons Ltd., The Fine Art Auction Group Ltd, Graham Elliot Shircore, Anthony Michael Gee, Octagon Chapel Limited, and Richard Kenneth Purkis.

Please confirm that you will also voluntarily agree to produce a representative or representatives for a deposition to testify as the above noted topics in lieu of Landlord filing a 2004 Motion at this time.

Regards,

**Anthony J. D'Artiglio**
Ansell Grimm & Aaron, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
*t:*  (973) 247-9000 ext. 427
*f:*  (973) 807-1835
*m:*  (609) 529-8406
Bio | V-Card | Website

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br><br>ANSELL GRIMM & AARON PC<br>BY: Joshua Bauchner, Esq.<br>Anthony J. D'Artiglio, Esq.<br>365 Rifle Camp Road<br>Woodland Park, NJ 07424<br>Attorneys for 929 Madison Avenue, LLC | **929 MADISON AVENUE, LLC'S**<br>**FIRST DEMAND FOR PRODUCTION**<br>**OF DOCUEMNTS** |
| In re:<br><br>MALLETT, INC.,<br><br>                          Debtor. | In Proceedings Under Chapter 11<br>of the United States Bankruptcy Code<br><br>Case No. 21-21-11619 (JLG) |

TO:    Mark Frankel, Esq.
          Backenroth Frankel & Krinsky, LLP
          800 Third Avenue
          New York, New York 10022
          mffrankel@bfklaw.com

**COUNSEL:**

**PLEASE TAKE NOTICE** that, pursuant to the Federal Rules of Civil Procedure, Creditor 929 Madison Avenue, LLC requests that **Debtor Mallett, Inc.**, furnish the documents described below, to me, at the above address, in the time periods provided for by the Rules of Civil Procedures. The obligation to produce the documents requested herein is of a continuing nature; if at any time after compliance with this request you should acquire possession, custody or control of any documents within the scope of the request, you are requested to promptly furnish such documents.

| | |
|---|---|
| Dated: Woodland Park, New Jersey<br>          December 17, 2021 | ANSELL GRIMM & AARON, P.C.<br><br>/s/ *Anthony J. D'Artiglio*<br>_____<br>Anthony J. D'Artiglio, Esq.<br>Joshua S. Bauchner, Esq.<br>365 Rifle Camp Road<br>Woodland Park, New Jersey 07424 |

086874.000069.75227461

(973) 247-9000 Phone
(973) 247-9199 Facsimile

*Attorneys for 929 Madison Avenue, LLC*

# INSTRUCTIONS

A. Except where expressly otherwise stated each of the following requests for production calls for documents from the relevant time period, defined below.

B. To the extent any of this information is provided in electronic form, production is called for in complete, readable and useable form, including any information needed to read, understand or analyze the information, and production of all documents shall include electronic communications from Plaintiff's servers or email accounts in addition to any private servers or email accounts utilized by the specified parties.

C. The selection of documents from files and other sources shall be performed in such a manner as to ensure that the file or other source from which a document is obtained may be identified.

D. Documents attached to other documents or materials shall not be separated unless sufficient records are kept to permit reconstruction of the grouping or context in which the document is maintained in the ordinary course of your business.

E. Each request should be considered as including all non-identical copies of documents, whether such copies differ from the originals by reason of any notations made on such copies or otherwise, and, to the extent applicable, preliminary drafts of documents that differ in any respect from the original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of a document but not to the original or other copies thereof).

F. Unless otherwise specified or required by the context of the request, references to the singular include the plural, references to the plural include the singular, references to one gender include the other gender, references to past tense include the present, and references to the present tense include the past.

G. If any document that you would have produced in response to any request was, but is no longer, in your present possession or subject to your control or is no longer in existence, please state whether any such document is missing or lost; destroyed; transferred to others; or otherwise disposed of. In any such instance, set forth the surrounding circumstances and any authorization for such disposition, and state the approximate date of any such disposition, and, if known, state the present location and custodian of such document.

H. In the event that you withhold or make a redaction to any requested document under a claim of privilege, please comply with Federal Rules of Civil Procedure, and provide the following information with respect to each withheld document or the information redacted:

   1. The type of document or thing, its general subject matter, its length or volume, and the date on which it was created or issued;
   2. The name and title of each person who prepared or created the document or thing, the name and title of each and every person to whom the document was directed, and the name and title of each and every person who has received or examined the document or a copy;
   3. The basis of your privilege claim; and

4. The number of each request to which the document or thing otherwise would be responsive.

I. These requests shall be deemed continuing, so as to require supplementation of answers in conformity with Federal Rules of Civil Procedure.

## DEFINITIONS

## DEFINITIONS

A. The term "document" means and includes, without limitation, the original and/or any copy, regardless of origin or location, of any book, record, study, handwritten note, working paper, chart, paper, graph, index, tape, data sheet, computer input, computer output or computer media, or any other written, recorded, transcribed, punched, taped, filmed, electronic, magnetic or graphic matter, including e-mail, however produced or reproduced, to which you have or had access.

B. "DEBTORS," "You," and "Your" means **MALLET, INC.**, as well as its agents, employees, representatives, and any other person who performed any act on behalf of **MALLETT, INC.**, including independent contractors.

C. "929 MADISON" mean **929 MADISON AVENUE, LLC**, as well as its agents, employees, representatives, and any other person who performed any act on behalf of **929 MADISON AVENUE, LLC**, including independent contractors.

D. "SUBTENANT" or "STELLA MCCARTNEY" means **STELLA MCCARTNEY AMERICA, INC.,** as well as its agents, employees, representatives, and any other person who performed any act on behalf of **STELLA MCCARTNEY AMERICA, INC.**, including independent contractors.

E. "PERSON" means any natural person or his legal representative, partnership, corporation, company, trust, business entity or association, and any agent or representative acting on his behalf.

F. "RELEVANT TIME PERIOD" means at any time during the period starting January 1, 2001 up to, and including, the present date. For any and all requests for production which do not specify a time period, such requests shall be deemed to cover the relevant time period.

G. The phrase "RELATING TO," "CONCERNING" or similar terminology, as used herein, means having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, referring to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

**DOCUMENT REQUESTS**

1. True and accurate copies of all documents and communications regarding Debtor's claims against Stella McCartney including, but not limited to, litigation filed by Debtor against Stella McCartney and all documents relating to the negotiation and subsequent settlement of the litigation.

2. Ture and accurate copies of all documents and communications related to any other subleases for the property located at 929 Madison Avenue, New York, New York, including, but not limited to, any rent-controlled tenants.

3. True and accurate copies of all documents and communications concerning amounts purportedly owed by Debtor to Debtor's insiders as set forth in Debtor's Schedules including, but not limited to, Dover Street Ltd., Milson Street Limited, Octagon Chapel Limited, Stanley Gibbons Ltd., The Fine Art Auction Group Ltd, Graham Elliot Shircore, Anthony Michael Gee, Octagon Chapel Limited, and Richard Kenneth Purkis.

4. True and accurate copies of all documents and communications evidencing any ownership interest in Debtor by the following entities, Dover Street Ltd., Milson Street Limited, Octagon Chapel Limited, Stanley Gibbons Ltd., The Fine Art Auction Group Ltd, Graham Elliot Shircore, Anthony Michael Gee, Octagon Chapel Limited, and Richard Kenneth Purkis, including documents evidencing whether the ownership interest was converted to debt and the ultimate transfer or disposition of the ownership interest if not presently held.

# EXHIBIT B

**Archived:** Wednesday, January 12, 2022 10:48:24 AM
**From:** Mark Frankel
**Mail received time:** Fri, 7 Jan 2022 17:59:41
**Sent:** Fri, 7 Jan 2022 17:58:49
**To:** Anthony D'Artiglio
**Cc:** Josh Bauchner  Carol Sheridan
**Subject:** [EXT] RE: In re: Mallett
**Importance:** Normal
**Sensitivity:** None

---

This email has been deemed safe, but always exercise caution when opening any attachments.

Dear Anthony,

I am providing Stella McCartney documents subject to the confidentiality agreement.  Most of the information about the loans will come from statements by the Debtor and creditors although there are 2 loan documents attached.  The client is looking for more.

Before formal depositions, the trustee suggested informal mediation.  The Debtor is agreeable.

I don't think under any circumstances you will get what you want before the objection deadline, so as a practical matter, I think you may have to make your objection without having full discovery.  In addition, the deadline is only a week from the hearing.  I don't know if the Court would permit us to move that deadline, or my reply deadline on that timetable.  In short, I don't think I can agree to move that deadline.

Best Regards,

Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York  10022
(212) 593-1100

**From:** Anthony D'Artiglio <ajd@ansellgrimm.com>
**Sent:** Friday, January 7, 2022 11:59 AM
**To:** Mark Frankel <mfrankel@bfklaw.com>
**Cc:** Josh Bauchner <jb@ansellgrimm.com>; Carol Sheridan <carols@ansellgrimm.com>
**Subject:** RE: In re: Mallett

Thanks Mark for the update.  What about the balance of the questions below (a deposition and the deadline to object)?

Thanks and enjoy the weekend,

**Anthony J. D'Artiglio**
Ansell Grimm & Aaron, P.C.
(973) 247-9000 ext. 427
Bio | V-Card | Website

**From:** Mark Frankel <mfrankel@bfklaw.com>
**Sent:** Friday, January 7, 2022 11:57 AM
**To:** Anthony D'Artiglio <ajd@ansellgrimm.com>

**Cc:** Josh Bauchner <jb@ansellgrimm.com>; Carol Sheridan <carols@ansellgrimm.com>
**Subject:** [EXT] RE: In re: Mallett

Dear Anthony,

I spoke with the Trustee and told her I intended to send you an informal document production to get the ball rolling, and she said that would be fine. I will do it by the end of the day, god willing.

Best Regards,

Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York  10022
(212) 593-1100

---

**From:** Anthony D'Artiglio <ajd@ansellgrimm.com>
**Sent:** Monday, January 3, 2022 8:12 PM
**To:** Mark Frankel <mfrankel@bfklaw.com>
**Cc:** Josh Bauchner <jb@ansellgrimm.com>; Carol Sheridan <carols@ansellgrimm.com>
**Subject:** RE: In re: Mallett

Mark:

Following up again on the attached and below.  While I appreciate you're desire to speak with the Chapter 5 Trustee first, we're in a position where we cannot reasonably wait much longer for an answer, particularly with the plan objection deadline approaching.  Therefore, we ask that you provide a response regarding whether you will voluntarily respond to the discovery by close of business on Thursday, January 6, 2022.  If we do not hear from you before then, we will need to request the Court issue a 2004 Order so we can obtain the discovery without any further delay.

Additionally, as we are still waiting for a response regarding whether the discovery will be provided voluntarily, and we anticipate it will take some time for Debtor to provide the discovery in either case, it is unlikely that we will receive the discovery sufficiently in advance of the February 8, 2022 to assess whether it would impact a possible plan objection.  Therefore, we request that you agree to an adjournment of the plan objection deadline to provide sufficient time to obtain the sought after discovery in advance of the adjourned deadline.

Hope you had a happy and healthy new year

**Anthony J. D'Artiglio**
Ansell Grimm & Aaron, P.C.
(973) 247-9000 ext. 427
Bio | V-Card | Website

---

**From:** Mark Frankel <mfrankel@bfklaw.com>
**Sent:** Monday, December 27, 2021 12:20 PM
**To:** Anthony D'Artiglio <ajd@ansellgrimm.com>
**Cc:** Josh Bauchner <jb@ansellgrimm.com>; Carol Sheridan <carols@ansellgrimm.com>
**Subject:** [EXT] RE: In re: Mallett

Dear Anthony,

I have not forgotten about you.  I am trying to touch base with the Subchapter 5 trustee first.

Best Regards,

Mark Frankel
Backenroth Frankel & Krinsky, LLP
800 Third Avenue, Floor 11
New York, New York 10022
(212) 593-1100

---

**From:** Anthony D'Artiglio <ajd@ansellgrimm.com>
**Sent:** Friday, December 17, 2021 1:59 PM
**To:** Mark Frankel <mfrankel@bfklaw.com>
**Cc:** Josh Bauchner <jb@ansellgrimm.com>; Carol Sheridan <carols@ansellgrimm.com>
**Subject:** In re: Mallett
**Importance:** High

Mark:

Pursuant to our discussion, attached please find limited documents demands which we request that Debtor respond to in lieu of Landlord filing a 2004 Motion at this time. Please advise if your client will voluntarily respond to the document demands.

Additionally, following receipt of the document responses, we also intend to seek the deposition of a representative or representatives of Debtor who can testify as to the following:

- The facts and circumstances surrounding Debtor's settlement of its claims against Stella McCartney.
- The claims against the Debtor asserted by the following parties: Dover Street Ltd, Milson Street Limited, Octago Chapel Limited, Stanley Gibbons Ltd., The Fine Art Auction Group Ltd, Graham Elliot Shircore, Anthony Michael Gee, Octagon Chapel Limited, and Richard Kenneth Purkis.
- The past or present ownership interest in the Debtor by following parties: Dover Street Ltd, Milson Street Limited, Octagon Chapel Limited, Stanley Gibbons Ltd., The Fine Art Auction Group Ltd, Graham Elliot Shircore, Anthony Michael Gee, Octagon Chapel Limited, and Richard Kenneth Purkis.

Please confirm that you will also voluntarily agree to produce a representative or representatives for a deposition to testify as the above noted topics in lieu of Landlord filing a 2004 Motion at this time.

Regards,

**Anthony J. D'Artiglio**
Ansell Grimm & Aaron, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
*t:* (973) 247-9000 ext. 427
*f:* (973) 807-1835
*m:* (609) 529-8406
Bio | V-Card | Website